**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO**

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, a not-for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>(1) SAN MIGUEL COUNTY, NM;<br><br>(2) MATT ELWELL, Warden, individually and in his official capacity;<br><br>(3) ANTONIO PADILLA, Deputy Warden, individually and in his official capacity,<br><br>(4) JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983 AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## I.   INTRODUCTION

1. For decades, the United States Supreme Court has recognized that the freedom to read and correspond with the outside world while incarcerated carries important benefits to both prisoners and society as a whole. To this end, Plaintiff, the Human Rights Defense Center ("HRDC" or "Plaintiff"), provides incarcerated persons across the United States with publications regarding their legal and civil rights, as well as options for accessing education while incarcerated. However, Defendants' mail policies and practices unconstitutionally prohibit delivery of Plaintiff's books to prisoners housed in the San Miguel County Detention Center (the "Jail"), in violation of the First Amendment to the United States Constitution. Defendants' policies and practices also deny due process of law to senders whose mail is censored, such as Plaintiff, by failing to provide notice of and an opportunity to challenge each instance of censorship as required by the Fourteenth Amendment to the United States Constitution. HRDC brings this action to

enjoin Defendants' censorship of its books mailed to prisoners held in the Jail, and to require Defendants to provide due process when they reject items sent to prisoners at that facility.

## II.   JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. § 1391(b).  At least one Defendant resides within this judicial district, and the events giving rise to the claims asserted herein all occurred within this judicial district.

4. HRDC's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to HRDC by the First and Fourteenth Amendments to the U.S. Constitution and the laws of the United States.

5. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure, as well as nominal and compensatory damages, against all Defendants.

6. HRDC's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

7. HRDC is informed, believes, and based thereon alleges that the individual Defendants acted as described herein with the intent to injure, vex, annoy, and harass HRDC, and subjected HRDC to cruel and unjust hardship in conscious disregard of HRDC's rights with the intention of causing HRDC injury and depriving it of its constitutional rights.

8. As a result of the foregoing, HRDC seeks injunctive and declaratory relief, as well as compensatory and punitive damages against the individual Defendants.

### III.  PARTIES

9. The Human Rights Defense Center is a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the State of Washington and with principal offices in Lake Worth, Florida.  The purpose of HRDC is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society.  HRDC accomplishes its mission through advocacy, litigation, and the publication and/or distribution of books, magazines, and other information concerning prisons and prisoner rights.

10. Defendant San Miguel County, New Mexico (the "County") is a unit of government organized and existing under the laws of the State of New Mexico.  The County operates the Jail, and is and was responsible for adopting and implementing mail policies governing incoming mail for prisoners at that facility.

11. Defendant Matt Elwell is the Warden of the Jail.  Defendant Elwell is employed by and is an agent of Defendant County, and has ultimate responsibility for the promulgation and enforcement of all Jail staff policies and procedures and is responsible for the overall management of the Jail, to include processing of mail.  He is sued in his individual and official capacities.

12. Defendant Antonio Padilla is the Deputy Warden of the Jail.  Defendant Padilla is employed by and is an agent of Defendant County, and on information and belief he is personally involved in the adoption and/or implementation of the mail policies at issue, as well as overseeing and coordinating the mail policies and practices at the Jail.  He is sued in his individual and official capacities.

13. The true names and identities of Defendants DOES 1 through 10 are presently unknown to HRDC.  Each of Defendants DOES 1 through 10 are or were employed by and are or were agents of Defendants when some or all of the challenged inmate mail policies and practices were adopted and/or implemented.  Each of Defendants DOES 1 through 10 were personally involved

in the adoption and/or implementation of the mail policies at the Jail, and/or were responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and/or control of the Jail staff who interpret and implement these mail policies. HRDC will seek to amend this Complaint as soon as the true names and identities of Defendants DOES 1 through 10 have been ascertained.

14. At all times material to this action, the actions of all Defendants as alleged herein were taken under the authority and color of state law.

15. At all times material to this action, all Defendants were acting within the course and scope of their employment as agents and/or employees of Defendant County.

## IV. FACTUAL ALLEGATIONS

### A. HRDC's mission and outreach to the San Miguel County Detention Center

16. For more than 27 years, the focus of HRDC's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. HRDC's mission, if realized, has a salutary effect on public safety.

17. To accomplish its mission, HRDC publishes and distributes books, magazines, and other information containing news and analysis about prisons, jails and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals.

18. HRDC publishes and distributes an award-winning, 72-page monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights*, which contains news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court opinions, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals.

19.     More recently, HRDC also began publishing a second monthly magazine, *Criminal Legal News*. This magazine focuses on review and analysis of individual rights, court rulings, and news concerning criminal justice-related issues.

20.     Additionally, HRDC publishes and/or distributes approximately 50 different softcover books about the criminal justice system, legal reference books, and self-help books of interest to prisoners. These books are designed to foster a better understanding of criminal justice policies and to allow prisoners to educate themselves about related issues, such as legal research, how to write a business letter, health care issues, and similar topics.

21.     HRDC has thousands of customers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. Since its creation in 1990, HRDC has sent its publications to prisoners and law librarians in more than 3,000 correctional facilities located across all 50 states, including the Federal Bureau of Prisons and various facilities within the State of New Mexico.

22.     HRDC engages in core protected speech and expressive conduct on matters of public concern, such as the operation of prison facilities, prison conditions, prisoner health and safety, and prisoners' rights. HRDC's publications, as described above, contain political speech and social commentary, which are core First Amendment rights and are entitled to the highest protection afforded by the United States Constitution.

23.     Defendants have adopted a policy and practice of arbitrarily prohibiting receipt of HRDC's publications sent to individual prisoners at the Jail. Specifically, since February 2016, HRDC has sent the following materials to prisoners held at the Jail: 1) issues of the monthly magazine *Prison Legal News*; 2) *The Habeas Citebook: Ineffective Assistance of Counsel* ("*Habeas Citebook*"), which describes the procedural and substantive complexities of federal habeas corpus litigation with the goal of identifying and litigating claims involving ineffective assistance of counsel; 3) *Prisoners' Guerilla Handbook: A Guide to Correspondence Programs in*

5

*the United States and Canada* ("*Prisoners' Handbook*"), which provides prisoners information on enrolling at accredited higher educational, vocational and training schools, and (4) *Protecting Your Health and Safety* ("*PYHS*"), which describes the rights, protections and legal remedies available to prisoners concerning their incarceration.

24.     Defendants censored these publications and did not deliver them to the intended prisoner-recipients at the Jail.  Since February 1, 2016, HRDC sent copies of the items listed in paragraph 24 to various prisoners at the Jail.  Each of these items were individually addressed and separately mailed.  Nineteen books were returned to HRDC in their original packaging, marked "Refused."  Additionally, sixteen copies of *Prison Legal News* and five copies of *Criminal Legal News* were also returned to HRDC.

25.     On information and belief, other publications mailed by HRDC to persons incarcerated at the Jail were also censored by Defendants.

26.     Further, Defendants failed to provide HRDC any notice or opportunity to appeal these censorship decisions.

27.     Plaintiff will continue to mail copies of its books and other publications to subscribers, customers, and other individuals imprisoned at the Jail, but seeks the protection of this Court to ensure that the materials are delivered and, if not, that due process is afforded to the Plaintiff so it may challenge the basis for any censorship.

**B.     Defendants' Unconstitutional Mail Policies and Practices**

28.     Defendants' mail policy and practice bans publications sent by HRDC and other senders to prisoners at the Jail.  Accordingly, Defendants' mail policies and practices violate HRDC's First Amendment right to free speech.

29.     Furthermore, Defendants engage in a policy or practice that fails to provide senders of censored mail notice and an opportunity to appeal the censorship of the mail to the intended prisoner.  Accordingly, such policy violates HRDC's Fourteenth Amendment rights to due process.

30. Said mail policies and practices are the moving force behind the constitutional violations at issue herein.

31. The accommodation of the free speech and due process rights of HRDC with respect to written speech protected by the Constitution will not have any significant impact on the Jail, its staff or prisoners.

32. Due to Defendants' actions as described above, HRDC has suffered damages, and will continue to suffer damages, including, but not limited to: the suppression of HRDC's speech; the impediment of HRDC's ability to disseminate its political message; frustration of HRDC's non-profit organizational mission; the loss of potential subscribers and customers; and the inability to recruit new subscribers and supporters, among other damages.

33. Defendants' actions and inactions were and are motivated by ill-motive and intent, and were and are all committed under color of law with deliberate indifference to HRDC's rights.

34. Defendants, and other agents of the Jail, are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them.  Further, Defendants are responsible for training and supervising the staff persons whose conduct has injured and continues to injure HRDC.

35. Defendants' unconstitutional policy, practices, and customs are ongoing, continue to violate HRDC's rights, and were and are the moving force behind the injuries HRDC suffered as a direct result of the constitutional violations.  As such, HRDC has no adequate remedy at law.

36. Without relief from this Court HRDC will suffer irreparable injury, since its fundamental free speech and due process rights are being denied.  The balance of hardships favors the Plaintiff and the public interest will be served by granting injunctive and declaratory relief.

37. HRDC is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications and correspondence from HRDC and other senders without any legal justification, and prohibiting Defendants from censoring mail without due process of

law.

## IV. CLAIMS
### Count I – 42 U.S.C. § 1983
*Violation of the First Amendment (Censorship)*

38. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

39. The acts described above constitute violations of HRDC's rights and the rights of other publishers who have attempted to or intend to communicate with prisoners at the Jail, under the First Amendment to the United States Constitution.

40. HRDC has a constitutionally protected liberty interest in communicating with incarcerated individuals, a right clearly established under existing case law.

41. The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

42. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

43. Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to cause damage to HRDC.

44. HRDC seeks declaratory and injunctive relief, and nominal, compensatory and punitive damages against all Defendants.  HRDC seeks punitive damages against the individual Defendants in their individual capacities.

### Count II – 42 U.S.C. § 1983
*Violation of Fourteenth Amendment (Due Process)*

45. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

8

46. The acts described above constitute violations of HRDC's rights and the rights of other publishers who have attempted to or who intend to communicate with prisoners at the Jail under the Fourteenth Amendment to the United States Constitution.

47. Because HRDC and others outside the Jail have a liberty interest in communicating with prisoners, HRDC and other senders have a right under the Due Process Clause of the Fourteenth Amendment to receive notice of and an opportunity to appeal Defendants' decisions to censor their written speech.

48. Defendants' policy and practice fail to provide HRDC and other senders with adequate notice and an opportunity to be heard.

49. The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

50. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which are and were the moving force of the violations.

51. Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to cause damage to HRDC.

52. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

## V. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

53. A declaration that Defendants' policies and practices violate the Constitution.

54. Nominal damages for each violation of HRDC's rights by the Defendants.

55. A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

56. Compensatory damages in an amount to be proved at trial.

57. Punitive damages against the individual Defendants in an amount to be proved at trial.

58. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

59. Any other such relief that this Court deems just and equitable.

## VI.   JURY DEMAND

Plaintiff, Human Rights Defense Center, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

**KENNEDY KENNEDY & IVES**

/s/ *Laura Schauer Ives*
Laura Schauer Ives, NM Bar No.: 12463
1000 2nd Street NW
Albuquerque, NM  87102
Telephone: (505) 244-1400
Facsimile: (505) 244-1406
lsi@civilrightslaw.com

**DAVIS WRIGHT TREMAINE LLP**

/s/ Bruce E.H. Johnson
Bruce E.H. Johnson, Wa. Bar No. 7667
1201 Third Avenue, Suite 220
Seattle, WA  98101
Telephone: (206) 757-8069
Facsimile: (206) 757-7069
brucejohnson@dwt.com

          **HUMAN RIGHTS DEFENSE CENTER**

          <u>/s/ Sabarish Neelakanta</u>
          Sabarish Neelakanta, Fla. Bar No.: 26623
          Masimba Mutamba, Fla. Bar No.: 102772
          Daniel Marshall, Fla. Bar No.: 617210
          P.O. Box 1151
          Lake Worth, FL 33460
          Telephone: (561) 360-2523
          Facsimile: (866) 735-7136
          sneelakanta@hrdc-law.org
          mmutamba@hrdc-law.org
          dmarshall@hrdc-law.org

          *Attorneys for Plaintiff*